UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKIE W.,[1]

                     Plaintiff,

v.


COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

**DECISION AND ORDER**

6:20-cv-6940-JJM

         Plaintiff commenced this action on November 5, 2020, arguing that the Commissioner's denial of her claim for Social Security benefits was not supported by substantial evidence and was based on errors of law. Complaint [1].[2]  On August 1, 2022, I remanded the case to the Commissioner for further proceedings consistent with my Decision and Order [15]. Following the entry of a Judgment [16], plaintiff filed a motion for an award of attorney's fees in the amount of $8,170.84 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412 [17] and a Stipulation for Allowance of Fees [19] agreeing that plaintiff should receive $7,970.84 in attorney's fees.

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to CM/ECF docket entries.

**ANALYSIS**

28 U.S.C. §2412(b) authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."  By obtaining a remand under the circumstances present in this case, plaintiff is the "prevailing party" for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The fact that the parties have stipulated to an amount does not relieve this court of the obligation to determine whether that amount is reasonable.  *See* Pribek v. Secretary, Department of Health & Human Services, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation"); Lockwood v. Colvin, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable").

A fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust". 28 U.S.C. §2412(d)(1)(A).  "The burden is on the Government to show that its position was substantially justified."  Eames v. Bowen, 864 F.2d 251, 252 (2d Cir. 1988).  The government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

28 U.S.C. §2412(d)(2)(A) states that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee".  The hourly rate may be adjusted to account for inflation as determined by the Consumer Price Index ("CPI"). *See* Isaacs v. Astrue, 2009 WL 1748706, *3 (W.D.N.Y. 2009) ("[t]he current statutory cap of $125 per hour took effect in 1996 . . . and the Court may revise it upward to reflect inflation as determined by the [CPI]").  The stipulation provides plaintiff's counsel fees at an effective hourly rate of $215.43.[3]  This adjustment is appropriate. Moreover, I find the number of hours devoted to this case, as detailed in counsel's motion ([17-2], ¶3; [17-3], ¶3), to be reasonable. Therefore, I find no reason to second guess the fee amount to which the parties have stipulated.

Plaintiff assigned her right to any EAJA fee award to her counsel in a Fee Agreement.  Fee Agreement [17-4], ¶ 7.  Pursuant to the stipulation, the "attorney fees may be paid to Plaintiff's counsel if Plaintiff agrees to assign the fees to counsel, and provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program".  Stipulation [19].  "EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts."  Astrue v. Ratliff, 560 U.S. 586, 594 (2010).  While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to his or her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See* Kerr for Kerr v. Commissioner of Social Security, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer").

---

[3]      *See* CPI adjustment calculation. [17-1] at 4-5. The effective hourly rate was calculated by dividing the stipulated fee ($7,970.84) by the total number of hours (37) documented in plaintiff's fee application.

**CONCLUSION**

The stipulation [19] is approved as follows: the court awards plaintiff attorney's fees in the amount of $7,970.84, payable to plaintiff's counsel, unless the government declines to waive application of the Anti-Assignment Act, in which case the award shall be payable to plaintiff, but delivered to plaintiff's attorney.

**SO ORDERED.**

Dated:  November 22, 2022

_/s/  Jeremiah J. McCarthy_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge